**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TONYA ADAMS, ALMA ANTUNEZ, AND HAMERLING BLANDON** | **Case No.: 2:21-cv-01338-MLCF-KWR** |
| **Plaintiffs,** | **Judge Martin L.C. Feldman**<br>**Section F** |
| **v.** | **Magistrate Judge Karen Wells Roby**<br>**Division 4** |
| **AMEC FOSTER WHEELER USA CORPORATION, AND JOHN WOOD GROUP, PLC,** | |
| **Defendants.** | |

---

## DEFENDANTS' ANSWER AND AFFIRMATIVE
## DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

---

Defendants Amec Foster Wheeler USA Corporation,[1] John Wood Group, PLC ("Wood

PLC"), and Amec Foster Wheeler Kamtech, Inc. ("Amec") (collectively "Defendants"), through

their undersigned counsel, respectfully submit this Answer and Affirmative Defenses to Plaintiffs'

First Amended Complaint as follows:

### PARTIES

1.     Defendants admit that Plaintiffs are persons of full age of majority and that all were

employed by Amec Foster Wheeler Kamtech, Inc. ("Amec") to work on a construction project

building the YCI Methanol Plant in St. James, Louisiana.  Defendants deny that Plaintiffs were

employees of Amec Foster Wheeler USA Corporation and John Wood Group, PLC.  To the extent

---

[1]     Plaintiffs have identified the incorrect entities as their employers.  Plaintiffs were employed by Amec Foster Wheeler Kamtech, Inc.  Plaintiffs were not employed by John Wood Group PLC or Amec Foster Wheeler USA Corporation.

Paragraph 1 contains conclusions of law, no response is required. The remaining allegations contained in Paragraph 1 are denied for lack of sufficient information to justify a belief therein.

2.      (a) Defendants admit the allegations contained in Paragraph 2, subpart a;

      (b) Defendants deny the allegations contained in Paragraph 2, subpart b;

      (c) Defendants admit that Amec Foster Wheeler Kamtech, Inc., is a foreign corporation registered to transact business in the state of Louisiana, engaged in the construction business within the State of Louisiana, and the Eastern District of Louisiana. Defendants deny the remaining allegations contained in Paragraph 2, subpart c.

## JURISDICTION

3.      Defendants admit that Plaintiffs have brought this action under the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, but deny that they have violated any such law. Defendants do not contest the Court's jurisdiction over this matter.

## VENUE

4.      Defendants deny the alleged claims made in this matter occurred; however, Defendants do not contest venue.

## STATEMENT OF ALLEGED FACTS

5.      Defendants admit that Tonya Adams ("Adams") was hired by Amec Foster Wheeler Kamtech, Inc. as a craft worker operating heavy equipment on or around September 2018; that Alma Anuntez ("Antunez") was hired as a carpenter's helper on or about February 2019; and that Hamerling Blandon ("Blandon") was hired as a civil helper on or about September 2018. Defendants deny the remaining allegations contained in Paragraph 5.

6.      Denied.

## ALLEGED SEXUAL HARASSMENT OF BLANDON

7.     Denied.

8.     Denied.

9.     Denied.

10.    Defendants admit that Ramirez took a single photograph of Plaintiff Blandon and subsequently sent to her via text message but aver that Amec did not learn of the photograph until after Plaintiff Blandon's discharge. Defendants are without sufficient information to admit or deny the remaining allegations contained within Paragraph 10, and therefore deny such allegations.

11.    Defendants are without sufficient information to admit or deny the allegations contained within Paragraph 11, and therefore deny such allegations.

12.    Denied.

## ALLEGED SEXUAL HARASSMENT OF ADAMS

13.    Denied.

14.    Denied.

15.    Denied.

16.    Denied.

## ALLEGED SEXUAL HARASSMENT OF ANTUNEZ

17.    Denied.

18.    Denied.

19.    Defendants are without sufficient information to respond to the allegations concerning Antunez's activities during her time off, and therefore deny such allegations; Defendants deny the remaining allegations contained in Paragraph 19.

20.    Denied.

21.    Denied.

22. Defendants admit that Adams filed a written complaint on August 21, 2020, after having been notified of her impending layoff, but deny the allegations contained therein.

23. Denied.

24. Denied.

25. Defendants admit that Amec investigated the complaints set forth by Plaintiffs as soon as it learned of the complaints, which occurred for the first time following Plaintiffs' notification of their discharge due to a reduction in force. Defendants aver that the allegations contained in Plaintiffs' complaints were not corroborated as alleged. Defendants admit, however, that Amec discharged Ramirez from employment for unprofessional conduct.

26. The allegations contained in Paragraph 26 are denied for lack of sufficient information to justify a belief therein.

27. Defendants admit that Plaintiffs filed charges of alleged discrimination on the basis of sex and retaliation with the EEOC, but are unable to respond to the alleged date of such filing for lack of sufficient information. Defendants deny the allegations contained within Plaintiffs' charges.

28. Admitted.

## COUNT I

29. Defendants restate and incorporate by reference their responses to Paragraphs 1-28.

30. Admitted.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

## COUNT II

36.    Defendants restate and incorporate by reference their responses to Paragraphs 1-35.

37.    Denied.

38.    Denied.

39.    Denied.

## COUNT III

40.    Defendants restate and incorporate by reference their responses to Paragraphs 1-39.

41.    Defendants admit that Plaintiffs lodged complaints of harassment on August 21, 2020, after having been notified of their impending layoff in a reduction in force.  Defendants deny all remaining allegations contained in Paragraph 41, and deny the allegations contained in Plaintiffs' complaints.

42.    Defendants admit that Plaintiffs were separated from employment on August 21, 2020, in a reduction in force.  Defendants deny all remaining allegations contained in Paragraph 42.

43.    Denied.

## COUNT IV

44.    Defendants restate and incorporate by reference their responses to Paragraphs 1-43.

45.    Defendants admit that Plaintiffs are women and a protected class under Title VII. Defendants deny all remaining allegations contained in Paragraph 45.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Denied.

51.     Denied.

## TRIAL BY JURY

52.     Defendants admit that Plaintiffs have demanded a jury trial.

Defendants deny that Plaintiffs are entitled to any of the relief sought in the "WHEREFORE" Paragraph of their Complaint.

Defendants deny any allegation unless specifically admitted.


## AFFIRMATIVE DEFENSES

**AND NOW**, in further answer of the Complaint filed by Plaintiffs, Defendants assert the following affirmative and other defenses:

1.  Plaintiffs have failed to state a claim upon which relief can be granted.

2.  Defendants were not Plaintiffs' employer and therefore cannot be held liable under the causes of action asserted.

3.  Some or all of Plaintiffs' claims may be barred by the applicable limitation periods, laches, and/or their failure to timely or properly comply with the conditions precedent to filing suit.

4.  Plaintiffs did not engage in protected conduct.

5.  Plaintiffs cannot establish a *prima facie* case of any claim.

6.  Some or all of Plaintiffs' claims are beyond the scope of the charge of discrimination that they filed with the Equal Employment Opportunity Commission.

7.  Some or all of Plaintiff's claims are barred for a failure to exhaust administrative remedies or procedures.

8.  Plaintiffs were at will employees.  All actions taken by Defendants were for legitimate, non-discriminatory, non-retaliatory reasons and were in no way based upon any purported protected conduct by Plaintiffs.

9.  Defendants' actions were based on good, sufficient and legal cause, upon reasonable grounds or justification, and were taken in good faith without malice or ill intent.

10. Defendants are not liable to Plaintiffs because any and all actions taken with respect to Plaintiffs were based on a good faith and reasonable belief that no violation of the law was being committed.

11. Defendants did not violate any law cited in Plaintiffs' Complaint; alternatively, Defendants engaged in good faith efforts to comply with all laws and any discriminatory, harassing or retaliatory act, omission, or decision by any managerial agent would have been contrary to those efforts.

12. Defendants affirmatively deny that they acted with malice or reckless indifference toward Plaintiffs; however, to the extent Plaintiffs have or intend to make a claim for exemplary, punitive or other damages, whether pled or not pled, such claim is barred by state law, federal law, the United States Constitution and/or the Louisiana Constitution.

13. Any employment-related actions, taken by Defendants or their employees with respect to Plaintiffs, were taken on the basis of legitimate business reasons, reasonable factors, and/or for non-discriminatory and non-retaliatory reasons for which there can be no recovery. Notwithstanding Defendants' assertion that each and every employment decision relevant hereto was made in good faith without any retaliatory or discriminatory intent or animus, Defendants alternatively avers that even if such criteria had been factored into such

decision, they would have made the same employment decisions absent such factors, and, Plaintiffs, therefore, cannot recover in this action.

14. Plaintiffs have suffered no damages; in the alternative, Plaintiffs have failed to mitigate their damages and/or their damages are subject to diminishment, or barred by doctrines of equity, set-off, credit, waiver, estoppel, laches, failure to complain in a timely manner, and/or acquiescence.

15. Plaintiffs are not entitled to costs, interest, attorney's fees, liquidated damages, or any other form of relief.

16. The decisions to take the employment actions alleged in the Complaint were made before Plaintiffs made any complaints about discrimination or harassment, and accordingly, Plaintiffs cannot demonstrate a causal nexus between any protected conduct and any adverse employment action.

17. Plaintiffs' claims are barred on grounds that they were not treated less favorably than any similarly-situated individuals outside their protected category.

18. Defendants are not liable for conduct as alleged by Plaintiffs, of which they had no knowledge, actual or constructive, and against which it maintains an express policy prohibiting discrimination, and other conduct alleged by Plaintiffs, that is effectively disseminated to all employees.

19. Defendants deny that any actions taken with respect to Plaintiffs were done intentionally, willfully, or in bad faith.

20. Defendants' actions exhibited no extreme or outrageous conduct, and they have not taken any unlawful action with respect to Plaintiffs or their employment due to any impermissible reasons, factors, or motives, including but not limited to gender.

21. Any conduct complained of by Plaintiffs was caused or initiated by Plaintiffs.

22. Defendants are relieved of any liability as to Plaintiffs' claims because any unlawful conduct alleged against Defendants' current and/or former employees, which conduct Defendants deny, would have occurred outside the course and scope of their employment.

23. Plaintiffs have suffered no damages; in the alternative, any damages Plaintiffs suffered or may have suffered were avoidable or caused by or due to their own actions or inactions. Further, and while denying all of Plaintiffs' allegations, to the extent that Plaintiffs may be able to prove any fault on the part of Defendants; Defendants were not the proximate cause of any of Plaintiffs' damages.

24. Plaintiffs are not entitled to any damages; alternatively, their damages are subject to offset, which may bar or limit their recovery. Further, any damages are barred to the extent Plaintiffs have not taken reasonable steps to mitigate their damages.

25. Some or all of Plaintiffs' alleged damages are subject to statutory caps.

26. To the extent Plaintiffs and/or other persons and entities other than Defendants have acted in bad faith with respect to matters alleged in the Complaint, or are otherwise at fault, Plaintiffs' right of recovery from Defendants, if any, should be reduced by that amount which the negligence, bad faith, and/or fault of persons and/or entities other than Defendants, including Plaintiffs, contributed to any injury or damages.

27. Defendants have promulgated and implemented policies and procedures to comply with federal, state, and local laws prohibiting unlawful discrimination and retaliation, such that Defendants are not liable for punitive damages for any actions which were contrary to their good faith efforts to comply with federal, state, and local laws. To the extent that Plaintiffs contend they suffered discrimination, harassment, retaliation, or other unlawful conduct in

the workplace, Defendants have exercised reasonable care to prevent and/or remedy any such conduct, and Plaintiffs unreasonably failed to take advantage of the preventive or corrective measures provided by Defendants to avoid harm. Defendants expressly deny any willful, wanton, malicious, intentional, or reckless acts or omissions which might entitle Plaintiffs to punitive damages.

28. Defendants specifically reserve all defenses available under Federal Rules of Civil Procedure 8(c) and 12(b).

Defendants expressly reserve the right to amend this Answer by way of adding denials, defenses, and/or third-party demand that may become apparent after discovery.

**WHEREFORE**, Defendants respectfully request that after due proceedings, the Court enter judgment in their favor, dismissing all of Plaintiffs' claims with prejudice and awarding Defendants costs of this proceeding, including reasonable attorney's fees.

Respectfully submitted,

/s/ *Heather F. Crow*
Heather F. Crow, Esq., T.A. (La. Bar No. 33080)
THE KULLMAN FIRM
2915 Kerry Forest Parkway, Suite 101
Tallahassee, FL 32309
T: (850) 296-1953 | F: (504) 596-4189
hfc@kullmanlaw.com

M. Rebecca Cooper, Esq. (La. Bar No. 37080)
THE KULLMAN FIRM
1100 Poydras Street, Suite 1600
New Orleans, LA 70163
T: (504) 524-4162 | F: (504) 596-4189
mrc@kullmanlaw.com

***Attorneys for Defendants,***
***AMEC FOSTER WHEELER USA***
***CORPORATION, JOHN WOOD***
***GROUP, PLC, and AMEC FOSTER***
***WHEELER KAMTECH, INC.***